IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRITTANY MCKENSIE and DAWNA ROBINSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WING QUARTER, INC.,<br><br>Defendant. | Civil Action No. 4:25-cv-6114<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiffs Brittany McKensie and Dawna Robinson are current and former employees of Defendant Wing Quarter, Inc. who work or have worked as tipped Cashiers and Bartenders (collectively "Service Employees") at Defendant restaurant, Wing Quarter Daiquiris & Creole Kitchen ("Wing Quarter"), in Houston, Texas. Plaintiffs bring this action on behalf of themselves and all others similarly situated because Defendant has violated the Fair Labor Standards Act (FLSA) by: failing to properly compensate Service Employees with the minimum wage by failing to pay them for all hours worked including training hours and wrongfully withholding Service Employees' tips. *See* 29 U.S.C. §§ 206-207. Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and back pay, liquidated damages, attorneys' fees and costs, and other relief under the FLSA, as amended, 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

1

3. Venue is proper in this district under 28 U.S.C. § 1391, as Plaintiffs were employed by Defendant at its restaurant location in this District, and all of the FLSA violations alleged herein occurred in this District.

**PARTIES**

4. The Plaintiffs identified in the caption have given their written consent to be a Party-Plaintiff in this action pursuant to 29 U.S.C. § 216(b). The written consent forms of these Plaintiffs are appended to this Complaint as Exhibit A.

5. Plaintiff Brittany McKensie was employed by Defendants as a tipped, hourly-paid Bartender at Wing Quarter in Houston from August 19, 2025, to September 1, 2025.

6. Plaintiff Dawna Robinson was employed by Defendants as a tipped, hourly-paid Bartender at Wing Quarter in Houston from August 19, 2025, to September 4, 2025.

7. While employed by Defendant, Plaintiffs have each been an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

8. Defendant Wing Quarter, Inc. is a Texas corporation that owns and operates the Wing Quarter Daiquiris & Creole Kitchen restaurant located at 3929 Old Spanish Trail #100, Houston, Texas 77021. Defendant Wing Quarter, Inc. can be served with process at 4432 Roseneath Dr. Houston, TX 77021.

9. At all times material to this action, Wing Quarter, Inc. has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. At all times material to this action, Defendant has been an enterprise engaged in commerce as defined by 29 U.S.C. §§ 203(r)(1) and (s)(1).

11. At all times material to this action, Defendant's annual dollar business volume has exceeded $500,000.

## FACTS

12. Defendant Wing Quarter, Inc. owns and operates Wing Quarter Daiquiris & Creole Kitchen, a restaurant located at 3929 Old Spanish Trail #100, Houston, Texas 77021. Wing Quarter offers hot wings and Cajun and Creole cuisine inspired by the French Quarter in New Orleans, Louisiana. *See* "About," https://www.wingquarter.com/about (last accessed December 8, 2025).

13. Plaintiff Brittany McKensie worked as a Service Employee at Wing Quarter from August 19, 2025, until she resigned on or around September 1, 2025.

14. Plaintiff Dawna Robinson worked as a Service Employee at Wing Quarter from August 19, 2025, until she resigned on September 4, 2025.

15. Bartenders at Wing Quarter are responsible for taking customers' drink orders, making drinks, and keeping the bar area clean.

16. Cashiers at Wing Quarter are responsible for taking orders from customers at the counter, processing customers' payments, sending orders to the kitchen, delivering food to customers' tables, and cleaning the restaurant.

17. Plaintiffs routinely worked as both Bartenders and Cashiers (i.e. "Service Employees"). During each shift, Plaintiffs took customers' food and drink orders, prepared drinks, bought food from the kitchen to tables, and assisted in cleaning the restaurant.

18. New employees of Wing Quarter are required to attend a new hire orientation, where they learn about company policies, the menus, and the point-of-sale system used to take orders and make payments.

19. Plaintiffs McKensie and Robinson attended a new hire orientation on August 19, 2025. This orientation lasted approximately 5 hours.

20. At orientation, a supervisor told Plaintiffs they were prohibited from discussing their pay with other staff members. The supervisor informed Plaintiffs that if they discussed their pay with other employees they would be paid a lesser amount.

21. Plaintiffs were informed at orientation that they would be earning tips, in addition to their hourly wage.

22. Defendant failed to pay Plaintiffs or any other Service Employee for the hours spent attending the mandatory training.

23. Plaintiff Brittany McKensie was paid an hourly rate of $11.50 per hour.

24. Plaintiff Dawna Robinson was initially paid an hourly rate of $11.50 per hour, which was reduced to $7.25 per hour after she received her first paycheck.

25. Plaintiffs typically worked between 5- and 8-hours a shift. A typical scheduled shift for Plaintiffs was from 6:00 p.m. to 2:00 a.m.

26. Service Employees clock in and out through an electronic timekeeping system called Toast. Thus, the work time for Plaintiffs and those similarly situated is recorded and maintained by Defendant in this computer-based system.

27. Plaintiff Robinson routinely came to work between 15 and 30 minutes before her shift was scheduled to begin to prepare the restaurant for service.

28. Defendant had knowledge that she was beginning her shift early but refused to allow her to clock in before the start of her scheduled shift. This pre-shift time is therefore not recorded on Toast.

29. On at least one occasion, Plaintiff Robinson was required to stay late after her shift was scheduled to end. Again, Defendant did not allow her to record this post-shift time on Toast.

30. Service Employees are paid on a biweekly basis.

31. Customers at both restaurants may leave a tip for a Service Employee through cash or credit card. When a tip is left on a credit card, it is recorded on Toast and is automatically credited towards the Service Employee who completed the sale. At the end of each shift, Toast provides employees with a summary of the total amount of tips earned for the shift.

32. Pursuant to company-wide policy, Service Employees never received tips that were left by customers on credit cards.

33. Plaintiffs estimate they regularly earned between $50 and $150 in credit card tips each shift.

## COLLECTIVE ACTION FOR VIOLATIONS OF THE FLSA

34. Defendant has violated the provisions of the FLSA, resulting in damages to Plaintiffs and those similarly situated to Plaintiffs, in the form of unpaid minimum wages, wrongfully withheld tips, incurred and incurring costs, and reasonable attorneys' fees.

35. As a result of failure to pay wages in accordance with the FLSA, Plaintiffs, as well as those similarly situated to Plaintiffs, have suffered monetary damages by failing to receive the lawful minimum wage for all hours worked and failing to receive their lawfully owed tips during their tenure of employment with Defendant. In addition, Plaintiffs and those similarly situated are also entitled to an additional amount equal to their backpay as liquidated damages pursuant to 29 U.S.C. § 216(b).

36. Plaintiffs and those similarly situated to Plaintiffs are entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

37. Defendant's actions in failing to compensate Plaintiffs and other similarly situated employees of Defendant in accordance with the provisions of the FLSA were willful and not in good faith.

38. There are numerous other similarly situated employees and former employees of Defendant who have been improperly compensated in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join. Specifically, all employees and former employees of Defendant who have been employed in the positions of Cashier or Bartender at Wing Quarter in the last three years should receive notice and be given the opportunity to join the present lawsuit.

## COUNT I

### Failure to Pay Minimum Wages

39. Plaintiffs repeat and incorporate by reference the factual allegations in paragraphs 1-38.

40. At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

41. At all relevant times, the minimum wage in Texas has been $7.25 per hour.

42. At all relevant times, Defendant has consistently denied Plaintiffs and similarly situated Service Employees the minimum wages to which they are entitled by failing to pay any wages, let alone minimum wages, for all hours worked including mandatory training hours.

43. Defendant's violations of the FLSA as alleged herein have been done in a knowing, willful, and bad faith manner.

44. As a result of the aforesaid willful, knowing, and bad faith violations of the FLSA, compensation has been unlawfully withheld by Defendant from Plaintiffs and similarly situated Service Employees for which the Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

45. The employment and work records for Plaintiffs and those similarly situated are in the exclusive possession, custody, and control of Defendant, and Plaintiffs are unable to state at this time the exact amount owing to them or to those similarly situated. Defendant is under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiffs' payroll and other employment records and such records from those who are similarly situated from which the amounts of the Defendant's liability can be ascertained.

## COUNT II

### Unlawful Tip Retention

46. Plaintiffs repeat and incorporate by reference the factual allegations in paragraphs 1-45.

47. At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

48. Under 29 U.S.C. § 203(m)(2)(B), "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

49. At all relevant times, Defendant has wrongfully withheld Plaintiffs', and other similarly situated Service Employees', earned credit card tips to which they are entitled under the FLSA.

50. Defendant's violations of the FLSA as alleged herein have been done in a knowing, willful, and bad faith manner.

51. As a result of aforesaid willful, knowing, and bad faith violations of the FLSA, compensation has been unlawfully withheld by Defendant from Plaintiffs and similarly situated persons for which the Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an

additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

52. The employment and work records for Plaintiffs and those similarly situated are in the exclusive possession, custody, and control of Defendant, and Plaintiffs are unable to state at this time the exact amount owing to them or to those similarly situated. Defendant is under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiffs' payroll and other employment records and such records from those who are similarly situated from which the amounts of the Defendant's liability can be ascertained.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray that this Court grant relief against the Defendant as follows:

(a) Enter a judgment declaring that Defendant has willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiffs, and all others similarly situated, of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

(b) Order a complete and accurate accounting of all the compensation to which Plaintiffs and all others who are similarly situated are entitled;

(c) Award Plaintiffs and all others similarly situated monetary damages under the FLSA in the form of back pay compensation and benefits; unpaid entitlements; and liquidated damages equal to their unpaid and untimely paid compensation;

(d) Award Plaintiffs and all those similarly situated their reasonable attorneys' fees to be paid by the Defendant as well as the costs and disbursements of this action; and

(e) Grant such other legal and equitable relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial in this action.

/s/Matt Bachop
Matt Bachop
Texas State Bar No. 24055127
DEATS, DURST & OWEN, P.L.L.C.
2901 Bee Caves Rd., Suite L
Austin, TX 78746
Tel: (512) 474-6200 x1005
Fax: (512) 474-7896
E-mail: mbachop@ddollaw.com

*Attorney-in-Charge for Plaintiffs*

David Ricksecker *(pro hac vice motion forthcoming)*
Rachel B. Lerner *(pro hac vice motion forthcoming)*
Callie E. Dydo (*pro hac vice motion forthcoming*)
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave. NW, Suite 1000
Washington, DC 20005
Tel: (202) 833-8855
Fax: (202) 452-1090
E-mail: dr@mselaborlaw.com
E-mail: rbl@mselaborlaw.com
E-mail: ced@mselaborlaw.com

*Of Counsel for Plaintiffs*