UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRITTANY McKENSIE AND<br>DAWNA ROBINSON | §<br>§<br>§<br>§ | CIVIL ACTION NO. 4:25-CV-6114 |
| VS. | §<br>§<br>§ | |
| WIND QUARTER, INC. | § | |

**DEFENDANT'S ORIGINAL ANSWER**
**AND PLEA TO THE JURISDICTION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW DEFENDANT, WING QUARTER, INC., and files its Original Answer and Plea to the Jurisdiction, and in support of said answer and plea would respectfully show the Court the following.

I.

**This Court Does Not Have The Requisite Subject-Matter**
**Jurisdiction To Adjudicate The Claims Of The Plaintiffs**
**As They Are Currently Pled**

Attached as Exhibit "A" and incorporated by reference for all purpose is the wage claim adjudication by the Texas Workforce Commission concerning the wage claim asserted by the Plaintiff, BRITTANY McKENSIE. The Texas Workforce Commission awarded the Plaintiff, BRITTANY McKENSIE, the amount of $160.74 for unpaid wages. The Defendant has since paid the wage claim in full. The Plaintiff, BRITTANY McKENSIE, **did not** dispute and/or timely file an appeal of the award rendered by the Texas Work Force Commission, as she was required to do by law. TEX. LABOR CODE § 212.201 mandates that the Plaintiff in this case must first obtain an adverse ruling from the Texas Workforce Commission before the Plaintiff is

allowed to seek judicial review in a Harris County <u>District Court or a County Civil Court At Law</u> concerning an alleged wage claim. It is very apparent that the Plaintiff did not seek an appeal of the ruling on her alleged wage claim from the Texas Workforce Commission before filing her present action in this Court. As such, this Court **does no**t have the requisite subject-matter jurisdiction to adjudicate this controversy in the first instance. *See, e.g.,* TEX. LABOR CODE § 212.201(a). To repeat, The Plaintiff, DAWNA ROBINSON, **<u>did not</u>** file a cause of action with the Texas Workforce Commission, thus the Plaintiff does not have the requisite standing to seek judicial review, in any forum, of her present causes of action. *See, e.g., Wilder v. Texas Workforce Commission,* No. 04-22-00111-CV, 2022 WL 789336, at *1 (Tex. App.--San Antonio Mar. 16, 2022, no pet.); *Rich v. Texas Workforce Commission,* No. 12-23-001-CV, 2023 WL 5094619, at * 1 (Tex. App.--Tyler Aug. 9, 2023, no pet.).

The Plaintiff, DAWNA ROBINSON, **<u>never</u>** filed an employment cause of action with the Texas Workforce Commission, which she was required to do pursuit to the mandatory provisions of TEX. LABOR CODE § 212.201. The time for her to file a complaint with the Texas Workforce Commission has long expired and her present cause of action is now judicially moot as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court dismiss the Plaintiffs' cause of action for want of subject-matter jurisdiction, that the Defendant recover its reasonable attorney's fees, costs of court and for such other and further relief, both general and special, at law or in equity, to which Defendant may show itself justly entitled.

        Respectfully submitted,

        WILLIE & ASSOCIATES, P.C.

By    :/s/ Joseph R. Willie, II, D.D.S., J.D.
        Joseph R. Willie, II, D.D.S., J.D.
        9660 Hillcroft Avenue, Suite 204
        Houston, Texas 77096
        (713) 659-7330
        (713) 599-1659 (FAX)
        SBOT# 21633500
        Federal Bar I.D.# 13746
        attyjrwii@wisamlawyers.com

        ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing document was served, via e-service, to Matt Bachop, 2901 Bee Caves Road, Suite L, Austin, Texas 78746, on the 3rd day of February, 2026.

        :/s/ Joseph R. Willie, II, D.D.S., J.D.
        Joseph R. Willie, II, D.D.S., J.D.