IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRITTANY MCKENSIE and DAWNA ROBINSON on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>WING QUARTER, INC.<br><br>    Defendant. | Civil Action No. 4:25-cv-6114 |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS'
SELF-STYLED ANSWER AND PLEA TO JURISDICTION**

## INTRODUCTION

Plaintiffs Brittany McKensie and Dawna Robinson (collectively "Plaintiffs") filed this collective action complaint alleging that Defendant Wing Quarter, Inc. ("Wing Quarter") failed to comply with several provisions of the Fair Labor Standards Act ("FLSA"). Dkt. 1 ("Compl.").

Plaintiffs are former employees of Defendant who worked as tipped Cashiers and Bartenders (collectively "Service Employees") at Defendant's restaurant in Houston, Texas. Compl. ¶ 1. As Service Employees, Plaintiffs regularly received tips from customers in cash or via credit card, often in amounts up to $150 per shift. *Id.* ¶¶ 31, 33. Pursuant to Defendant's company-wide policy, Plaintiffs never received tips that were left by customers on credit cards. *Id.* ¶ 32. Plaintiffs allege that this tip retention policy by the owners violates the FLSA's clear instruction that an employer "may not keep tips received by its employees for any purposes." *Id.* ¶¶ 47–52; 29 U.S.C. § 203(m)(2)(B).

Plaintiffs additionally allege that Defendant failed to pay Plaintiffs the minimum wage for all hours worked, including mandatory training hours, in violation of the FLSA. Compl. ¶¶ 40–45; 29 U.S.C. § 206. Plaintiffs attended a mandatory 5-hour new hire orientation, which they were not paid for. Compl. ¶¶ 19, 22. Similarly, Plaintiff Robinson routinely worked between 15 and 30 minutes before her shifts, which she was not compensated for. *Id.* ¶ 27.

In response to the Complaint, on February 3, 2026, Defendant filed an untimely,[1] self-styled "Original Answer and Plea to the Jurisdiction." Dkt. 13 (hereinafter "Def. Mot."). Defendant's responsive pleading argues this Court lacks subject matter jurisdiction because Plaintiffs failed to exhaust the administrative remedies set forth in Texas state law. Def. Mot. at 1–

---

[1] Plaintiffs served Defendant on January 5, 2026. Dkt. 9. Defendant's Answer was therefore due to this Court on January 26, 2026, pursuant to Fed R. Civ. P. 12(a)(1)(A)(i).

1

2. This position finds no support in the law. A state statute—indeed one cited here which is entirely unrelated to the present claims—may not preempt the federal Fair Labor Standards Act.

The nature of this responsive pleading is unclear. Out of an abundance of caution, for the purposes of this briefing, Plaintiffs treat this pleading as a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1). For the reasons set forth below, this Court should deny Defendant's Motion to Dismiss.

## ARGUMENT

### I.   Legal Standard for a Motion to Dismiss

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). That standard requires the court to determine whether "a complaint . . . contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must "accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to a plaintiff." *Burnetts Specialists v. Cowen*, 140 F.4th 686, 693 (5th Cir. 2025). Ultimately, a 12(b)(1) motion to dismiss may be granted only "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001); *see also Santerre v. Agip Petroleum Co., Inc.*, 45 F. Supp. 2d 558, 566 (S.D. Tx. 1999) ("It is extremely difficult to dismiss a claim for lack of subject matter jurisdiction") (internal quotations omitted).

A federal district court may assert original jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under the law that creates the cause of action." *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257,

260 (1916). Therefore, district courts will generally have jurisdiction over cases "in which federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

II. **The Court Unquestionably Possesses Jurisdiction Over Plaintiffs' Claims, Which Allege Violations of Federal Law**

Despite Defendant's vague contentions to the contrary, there is no question that the Court can exercise subject matter jurisdiction over Plaintiffs' claims, which arise under federal law.

a. *The FLSA Grants Jurisdiction in a Federal District Court*

The FLSA's grant of jurisdiction is clear. In addition to the Court's broad federal question jurisdiction, as noted above, the FLSA expressly states that "[a]n action to recover . . . may be maintained . . . in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b); *see also Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 695 (2003) (finding that "[t]here is no question" that *both* the FLSA's jurisdictional provisions *and* 28 U.S.C. § 1331 provide federal district courts with subject matter jurisdiction over FLSA claims).

The text of the FLSA created a robust enforcement scheme, including a statutory private right of action. *See* 29 U.S.C. § 216(b). There are no exhaustion requirements for plaintiffs to bring claims under the FLSA in federal district courts. *See Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 1444 (1981) ("Section 16(b) of the Act . . . which contains the principal enforcement provisions, permits an aggrieved employee to bring his statutory wage and hour claim 'in any Federal or State court of competent jurisdiction.' No exhaustion requirement or other procedural barriers are set up, and no other forum for enforcement of statutory rights is referred to or created by the statute.") (quoting 29 U.S.C. § 216(b)). Because Plaintiffs' claims are brought exclusively under the FLSA, Plaintiffs were not required to exhaust any administrative remedies before filing in this Court.

b. *State Laws May Not Preempt FLSA's Statutorily Created Enforcement Mechanisms*

3

Defendant appears to argue that Plaintiffs did not exhaust administrative procedures created by Texas state law before filing the present action and are therefore barred from bringing the present FLSA claims in this Court. This argument is misguided.

It is well understood that states may not restrict the exercise of rights granted by the FLSA. *See* 29 U.S.C. § 218(a) (allowing states to pass laws only that *expand* an employee's rights under the FLSA); *see also Jin M. Cao v. Wu Liang Ye Lexington Restaurant, Inc.*, 2010 WL 4159391, at *2 n.2 (S.D.N.Y. Sept. 30, 2010) (the FLSA "is intended to be a floor, not a ceiling on the amount of compensation an employee is entitled to receive"). Plaintiffs are not required to file claims with the Texas Workforce Commission, much less exhaust all administrative remedies, before filing a FLSA action in federal court. *See Barreraz v. Dennis Energy Services, Inc.*, No. 7:15-cv-193, 2016 WL 8711407, at *2 (W.D. Tx. Aug. 19, 2016) ("The FLSA does not provide for an administrative review process, and does not require exhaustion of [state] administrative remedies before a plaintiff may file a claim in federal court."). A state may not create exhaustion requirements for the FLSA. *See Aldridge v. Mississippi Department of Corrections*, 990 F.3d 868 (5th Cir. 2021) (holding that "the FLSA is the exclusive remedy for enforcement rights created under the FLSA") (quoting *Roman v. Maietta Const., Inc.*, 147 F.3d 71, 76 (1st Cir. 1998)); *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007) (quoting *Kendall v. City of Chesapeake, Va.*, 174 F.3d 437, 443 (4th Cir. 1999)) (finding "the FLSA Congress manifested a desire to exclusively define the private remedies available to redress violations of the statute's terms" and determining state law claims were preempted). Therefore, Plaintiffs are not required by Texas law to first exhaust state administrative procedures before filing this action in district court.

### *c. In Any Event, the Texas Workforce Commission Claims Are Separate and Distinct from the FLSA Claims Alleged Here*

Further, it is irrelevant whether Plaintiff McKensie disputed or appealed her award from the Texas Work Force Commission ("TWC"), nor is it relevant that Plaintiff Robinson never filed a claim with the TWC, because Plaintiffs' FLSA claims are separate and distinct from TWC claims.

Courts in Texas agree that claims brought under the federal FLSA and the state Texas Payday Law ("TPL") are separate, individual claims. *Terry v. Chicago Bridge & Iron Co.*, 283 F. Supp. 3d 601, 606 (S.D. Tx. 2017) ("It is axiomatic that the FLSA arises under *federal* law whereas the Texas Payday Law arises under *state* law.") (emphasis in original); *Barreraz*, 2016 WL 8711407, at *2 (finding "[t]he two statutory authorities are mutually exclusive because they were enacted by separate sovereigns"). The TWC lacks jurisdiction to hear FLSA claims; therefore, Plaintiff McKensie *could not have* brought these same claims with her TWC complaint. *Cole v. American Legion Auxiliary Dep't of Texas*, No. 1:18-cv-498, 2018 WL 5927578, at *2 (W.D. Tx. Nov. 13, 2018) (finding that the TPL provides different relief from the FLSA, meaning FLSA claims are necessarily distinct from TPL claims).

Defendant seems to fundamentally misunderstand the nature of Plaintiffs' claims. Here, Plaintiffs allege that the Defendant unlawfully retained credit card tips and failed to pay them wages for all hours worked under the FLSA. Compl. ¶¶ 42, 49. The TWC Wage Determination Order attached to Defendant's Motion addresses a separate issue: an unlawful pay rate change. *See* Def. Mot. Ex. A (finding Defendant owed wages to Plaintiff McKensie because the claimant was not "immediately notified" of a pay reduction, as required under the TPL). These claims involve entirely different facts and were brought under two distinct laws. Thus, Plaintiff McKensie's prior TWC award related to a reduction in pay has no bearing on her present case. *See Barreraz*, 2016 WL 8711407, at *2. Plaintiff Robinson has never filed a complaint with the TWC. Defendant

5

argues she was required to do so under Texas laws, but as explained *supra*, there are no exhaustion requirements before filing a FLSA claim in district court, let alone that she file a claim with a state agency that provides no avenue for relief for defendants' FLSA violations. Id.

Curiously, the state statutory provisions Defendant cites in arguing that Plaintiffs failed to exhaust their administrative remedies address yet *another* state law, separate from both the FLSA and the TPL. Def. Mot. at 1-2. Defendant argues Plaintiff was required to file an appeal with the Texas Workforce Commission pursuant to Tx. Lab. Code § 212.201. The exhaustion requirements in this statutory provision relate only to the State's Unemployment Compensation Act and therefore are completely unrelated to Plaintiffs' current wage and hour claims. *See* Tx. Lab. Code § 201 *et seq*.

## CONCLUSION

Defendant's untimely and self-styled responsive pleading makes a nonsensical argument that Plaintiffs' claims under the federal Fair Labor Standards Act are somehow subject to administrative exhaustion requirements of unrelated state statutes and claims. There is no basis to support this position. The Fair Labor Standards Act clearly grants Plaintiffs a private right of action to bring their claims, for the first time, in this Court, which cannot be abridged by procedures created by state laws. For the foregoing reasons, this Court can and should exercise jurisdiction over Plaintiffs' claims.

Dated: February 24, 2026           Respectfully submitted,

*/s/Matt Bachop*
Matt Bachop
Texas State Bar No. 24055127
DEATS, DURST & OWEN, P.L.L.C.
2901 Bees Caves Rd., Suite L

6

Austin, TX 78746
Tel: (512) 474-6200 x1005
Fax: (512) 474-7896
E-mail: mbachop@ddollaw.com

*Attorney-in-Charge for Plaintiffs*

David Ricksecker *(admitted pro hac vice)*
Rachel B. Lerner *(admitted pro hac vice)*
Callie E. Dydo *(admitted pro hac vice)*
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave. NW, Suite 1000
Washington, DC 20005
Tel: (202) 833-8855
Fax: (202) 452-1090
E-mail: dr@mselaborlaw.com
E-mail: rbl@mselaborlaw.com
E-mail: ced@mselaborlaw.com

*Of Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February, 2026, I filed the foregoing papers with the Clerk of Court using the ECF system, which will send electronic notification to all counsel of record.

/s/ David Ricksecker
David Ricksecker