UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRITTANY McKENSIE AND DAWNA ROBINSON | § § § § | CIVIL ACTION NO. 4:25-CV-6114 |
| VS. | § § § | |
| WIND QUARTER, INC. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'**
**MEMORANDUM TO DEFENDANT'S PLEA**
**TO THE JURISDICTION:**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW WING QUARTER,INC., Defendant, and files its Response to Plaintiffs' Memorandum in Opposition to Defendant's Plea to the Jurisdiction, and in support of said response would respectfully show the Court the following:

I.

**The Plaintiff, Brittany McKensie, Did Not Appeal the Decision of the Texas Workforce Commission Therefore This Court Does Not Have the Requisite Subject-Matter Jurisdiction To Adjudicate The Plaintiffs Cause Of Action As Pled**

The Plaintiff, BRITTANY McKENSIE, **did not** appeal the decision of the Texas Workforce Commission concerning her complaint with regards to her employment with the Defendant. A true and correct copy of the decision of the Texas Workforce Commission is already on file with this Court. TEX. LABOR CODE § 212.201 mandates that the Plaintiff in this case must first obtain an adverse ruling from the Texas Workforce Commission before the Plaintiff is allowed to appeal and seek judicial review in a **Harris County District Court or a**

**Harris County Civil Court At Law** concerning an alleged wage claim. It is very apparent that the Plaintiff, BRITTANY McKENSIE, did not seek an appeal of the ruling on her alleged wage claim from the Texas Workforce Commission before filing her present action in this Court. To repeat, as such, this Court **does not** have the requisite subject-matter jurisdiction to adjudicate this controversy as currently pled in the first instance and the federal statutes alleged by the Plaintiff, BRITTANY McKENSIE, are totally not applicable. *See, e.g.,* TEX. LABOR CODE § 212.201(a). The doctrine of **comity** requires this Court to apply the provisions of the applicable law and the relevant decisions of the courts of the State of Texas on this very matter that is pending before this Court. Absent strict compliance with the mandates of TEX. LABOR CODE § 212.201(a), this Court does not have the requisite jurisdiction to adjudicate the controversy as pled by the Plaintiffs. Absent strict compliance with the jurisdictional requirements of the statute, a trial court, either state of federal, does not have the requisite jurisdiction, either federal or state, to adjudicate this controversy as it is currently pled. *Cf. Johnson v. Oxy USA, Inc.,* 533 S.W.3d 395, 402-403 (Tex. App.--Houston [14th Dist.] 2016, review denied.

To repeat, the Plaintiff, Dawna Robinson, never filed a complaint with the Texas Workforce Commission regarding her present cause of action that is currently pending before this Court. The Plaintiff, DAWNA ROBINSON, **never** filed an employment cause of action with the Texas Workforce Commission, which she was required to do pursuit to the mandatory provisions of TEX. LABOR CODE § 212.201. The time for her to file a complaint with the Texas Workforce Commission has long expired and her present cause of action is now judicially moot as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court dismiss the Plaintiffs' cause of action for want of subject-matter jurisdiction, that the

Defendant recover its reasonable attorney's fees, costs of court and for such other and further relief, both general and special, at law or in equity, to which Defendant may show itself justly entitled.

                                                Respectfully submitted,

                                                WILLIE & ASSOCIATES, P.C.

By     :/s/ Joseph R. Willie, II, D.D.S., J.D.
           Joseph R. Willie, II, D.D.S., J.D.
           9660 Hillcroft Avenue, Suite 204
           Houston, Texas 77096
           (713) 659-7330
           (713) 599-1659 (FAX)
           SBOT# 21633500
           Federal Bar I.D.# 13746
           attyjrwii@wisamlawyers.com

                                          ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing document was served, via e-service, to Matt Bachop, 2901 Bee Caves Road, Suite L, Austin, Texas 78746, on the 25th day of February, 2026.

                                            :/s/ Joseph R. Willie, II, D.D.S., J.D.
                                            Joseph R. Willie, II, D.D.S., J.D.