**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| BRITTANY MCKENSIE, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 4:25-cv-6114 |
| WING QUARTER, INC., | |
| Defendant. | |

**PLAINTIFFS' DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

    Plaintiffs repeatedly attempted to reach Defendants to meet and confer, pursuant to Rule 26(f), including via email on February 27, 2026, March 2, 2026, and March 4, 2026. The February 27, 2026 email included an attachment of a Proposed Joint Discovery/Case Management Plan with the plaintiffs sections and proposals included. Plaintiffs' counsel spoke to Defendant's counsel via telephone on March 3, 2026, and was informed that Defendant would return a signed proposed discovery and case management plan to Plaintiffs. However, to date, Plaintiffs have not received a proposed plan from Defendant and have not been able to reach Defendant to meet and confer. As such, the following plan is only on behalf of the Plaintiffs.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    There are no related cases pending in any court.

3. **<u>Briefly</u> describe what this case is about.**

    Plaintiffs, and those similarly situated, are or were tipped, hourly-paid Cashiers and Bartenders (collectively, "Service Employees") employed by Defendant at Wing Quarter Daiquiris & Creole Kitchen, located at 3929 Old Spanish Trail #100, Houston Texas 77021. Plaintiffs allege that Defendant violated the Fair Labor Standards Act, 29 U.S.C. §

216(b), in one or more of the following ways: (1) failing to pay minimum wages, including any wages for mandatory training hours and (2) unlawfully withholding credit card tips received by Plaintiffs. As a result of these FLSA violations, Plaintiffs seek backpay damages equal to the full minimum wage for all unpaid training hours, backpay for all tips unlawfully withheld, and liquidated damages equal to the backpay. Plaintiffs also seek reasonable attorneys' fees and costs.

**4. Specify the allegation of federal jurisdiction.**

Plaintiffs allege that federal jurisdiction is appropriate pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b).

**5. Name the parties who disagree and the reasons.**

The Plaintiffs understand that apparently, as explained in Defendant's "Original Answer and Plea to the Jurisdiction," Dkt. 13, that the Defendant disagrees that this Court has jurisdiction.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Plaintiffs anticipate that other similarly situated Service Employees employed by Defendant will seek to join the case. To the extent such individuals submit their consent-to-join forms directly to Plaintiffs' Counsel, Plaintiffs will continue to promptly file such forms with the Court consistent with the requirements of 29 U.S.C. § 216(b). In addition, Plaintiffs intend to request that this Court certify this action as a collective action pursuant to 29 U.S.C. § 216(b) which will permit Plaintiffs to send a notice of the action and information regarding putative plaintiffs' right to join the case to all similarly situated individuals. If the Court grants Plaintiffs' motion for collective action certification and permits issuance of such notice, Plaintiffs will file all consent-to-join forms submitted during the opt-in period, thus adding such opt-in plaintiffs as party-plaintiffs, by the end of the opt-in period.

**7. List anticipated interventions.**

There are no anticipated interventions.

**8. Describe class-action issues.**

This is an action brought under the Fair Labor Standards Act (FLSA). As such, Plaintiffs intend to request that the Court certify a collective action which would permit Plaintiffs to not only send a notice of the action out to all similarly situated individuals to

inform them of the opportunity to join the case, but would also permit the Parties to proceed through discovery, summary judgment, and trial on a representative basis.

Plaintiffs seek a 60-day period (through May 18, 2026) to conduct limited discovery related to the issue of whether putative class members are similarly situated. Such discovery would likely include the production of payroll and timekeeping records, policies regarding pay, wages, hours, and tips, and a limited Federal Rule of Civil Procedure 30(b)(6) deposition. Accordingly, Plaintiffs will file their Motion for Collective Action Certification and Issuance of Notice Pursuant to 29 U.S.C. § 216(b) within 21 days of the close of this initial discovery period (i.e., by no later than June 8, 2026).

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe arrangements that have been made to complete the disclosures.**

The Parties have not yet made the Initial Disclosures required by Rule 26(a). Plaintiffs propose parties will make Initial Disclosures no later than March 18, 2026.

10. **Describe the proposed agreed discovery plan, including:**

    a. **Responses to all the matters raised in Rule 26(f).**

Plaintiffs propose discovery to be conducted in two phases—the first phase, as noted above, should be limited to documents and information necessary for the Parties to brief the issue of whether notice is appropriate under 29 U.S.C. § 216(b), and the Fifth Circuit's standard in *Swales v. KLLM Transport Services*, 985 F.3d 430 (5th Cir. Jan. 12, 2021).

Plaintiffs will engage in more extensive discovery following a ruling on Plaintiffs' anticipated Motion for Collective Action Certification and Issuance of Notice Pursuant to 29 U.S.C. § 216(b). Discovery will likely be sought on topics including, but not limited to, the following: Plaintiffs' pay; Plaintiffs' hours of work; Defendants' policies and procedures relating to pay, timekeeping, tips, and training; Defendants' efforts to comply with the FLSA; whether Defendants' actions were willful; and the amount of damages owed to Plaintiffs. At this stage, Plaintiffs' anticipate that discovery would be appropriate on the individual named Plaintiffs and opt-in Plaintiffs, in the form of representative discovery.

Plaintiffs anticipate the exchange of certain electronically stored information, including employment and payroll records. The parties agree that, to the extent possible, such data will be produced in native format such as text-searchable pdf or excel. Plaintiffs are amenable to electronic exchange of documents to preserve the parties' resources.

Plaintiffs do not anticipate needing an order under Federal Rule of Evidence 502.

    **b. When and to whom the plaintiff anticipates it may send interrogatories.**

Although Plaintiffs do not anticipate sending interrogatories at this time, to the extent Plaintiffs submit interrogatories, they anticipate sending them to the Defendants.

    **c. When and to whom the defendant anticipates it may send interrogatories.**

    **d. Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiffs anticipate taking depositions of Defendant's corporate representatives pursuant to Federal Rule of Civil Procedure 30(b)(6) on topics including: Defendant's pay and timekeeping policies and procedures; Defendant's policies and procedures regarding tips; Defendant's training policies and procedures; the job duties and responsibilities of Plaintiffs; and Defendant's efforts to comply with the Fair Labor Standards Act. Plaintiffs may also take fact witness depositions but will be in a better position to decide this after Defendant responds to Plaintiffs' anticipated requests for production of documents. Depositions taken by Plaintiffs shall be completed by the close of discovery.

    **e. Of whom and by when the defendant anticipates taking oral depositions.**

    **f. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports provided by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

At this time, Plaintiffs do not anticipate designating an expert witness under Rule 26(a)(2)(B). However, Plaintiffs may designate an expert on damages depending on the format of Defendant's production of payroll and timekeeping records. To the extent either party does so, designation and disclosure of expert reports will be made by 60 days before the close of all fact discovery. Any responsive experts and disclosure of reports will be made within 30 days of the initial expert disclosure and report.

    **g. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

To the extent such witnesses are designated, depositions of such experts will be completed by no later than the close of fact discovery.

**h. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

See response to Number 10(g), *supra.*

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

This discovery plan is proposed by Plaintiffs, as Defendant has been unresponsive to Plaintiffs' efforts to meet and confer, as described above.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

To date, no discovery has been undertaken.

**13. State the date planned discovery can reasonably be completed.**

Plaintiffs anticipate completing discovery within 120 days after either the close of the opt-in period following the Court's grant of Plaintiffs' Motion for Collective Action Certification and Issuance of Notice Pursuant to 29 U.S.C. § 216(b) or after the denial of such motion, whichever occurs.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Plaintiffs are open to exploring the possibility of settlement early in the litigation process. However, Plaintiffs will be in a better position to discuss settlement after the initial discovery period, specifically the exchanging of payroll and timekeeping records.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

As noted above, Plaintiffs are open to the possibilities of early settlement and agree to discuss whether alternative dispute resolution would be helpful after the exchange of initial discovery. The production of payroll and timekeeping records will enable Plaintiffs to evaluate the case and make an initial settlement demand.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Although Plaintiffs are amenable to exploring early settlement on their own, Plaintiff believes that mediation—particularly court-based mediation before a U.S. Magistrate Judge—is suitable and may be effectively used in this case. To the extent the Parties request a referral to a U.S. Magistrate Judge for settlement purposes, they will submit a joint request to the Court.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Plaintiffs agree to a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

Plaintiffs made a jury demand in their Complaint (Dkt. 1).

19. **Specify the number of hours it will take to present the evidence in this case.**

Plaintiffs anticipate that it will take approximately 24 hours (3 days) to present the evidence in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Defendant's Original Answer and Plea to the Jurisdiction, Dkt. 13, is pending and can be ruled on at the initial scheduling conference.

21. **List other motions pending.**

There are no other motions pending.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

As noted above, this case is filed under the collective action procedures of the Fair Labor Standards Act, 29 U.S.C. § 216(b). Thus, Plaintiffs will file a Motion for Collective Action Certification and Issuance of Notice Pursuant to 29 U.S.C. § 216(b) by June 8, 2026. To the extent the Court grants this motion, Plaintiffs suggest that fact discovery should not begin in earnest until the opt-in period has concluded and all similarly situated individuals who would like to join the case have had the opportunity to do so; this will allow the Parties to engage in discovery while knowing the full scope of the collective and the total number of Plaintiffs.

23. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

*Counsel for Plaintiffs:*

Matt Bachop
Texas State Bar No. 24055127
DEATS, DURST & OWEN, P.L.L.C.
2901 Bee Caves Rd., Ste. L
Austin, Texas 78746
(512) 474-6200 x1005

David Ricksecker *(admitted pro hac vice*, DC Bar # 483019)
Callie Dydo *(admitted pro hac vice*, DC Bar #90042579)
Rachel Lerner *(admitted pro hac vice*, DC Bar #90001197)
McGILLVARY STEELE ELKIN LLP
1101 Vermont Ave. NW, Suite 1000
Washington, DC 20005
(202) 833-8855

*Counsel for Defendant:*

Joseph R. Willie, II
SBOT #21633500
Federal Bar I.D. #13746
9660 Hillcroft Avenue, Suite 204
Houston, Texas 77096
(713) 659-7330

**Counsel for Plaintiffs:**     */s/ David Ricksecker*          **Date:** March 4, 2026

**Counsel for Defendants:**                    **Date:**